UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEON OWENS, | No. 2:15-cv-1570-EFB P (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| J. DEFAZIO et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se on a civil action brought under 42 U.S.C. § 1983.[1] He has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

For the reasons discussed herein, plaintiff's complaint must be dismissed without prejudice to refiling because plaintiff failed to exhaust his administrative remedies prior to filing suit.[2]

**BACKGROUND**

Plaintiff commenced this action by filing a civil rights complaint against Correctional Officer J. DeFazio and seventeen other prison officials and medical personnel at California State

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

[2] This case is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; ECF No. 7.

1

Prison, Sacramento. Plaintiff alleges that, on February 18, 2015, during a cell extraction, defendants used excessive force against him in violation of the Eighth Amendment. Plaintiff lost two teeth during the alleged events. Plaintiff requests declaratory relief, compensatory and punitive damages, and replacement of his missing teeth with permanent dental implants. Compl. at 3 & Attachs.

## THE EXHAUSTION REQUIREMENT

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. *See id.* at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *See Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). "[T]o properly exhaust administrative remedies prisoners 'must complete the administrative review process in accordance with the applicable procedural rules,' [ ] - rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford*, 548 U.S. at 88). *See also Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'").

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a).

Most appeals progress through three levels of review. *See id.* § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation and exhausts a prisoner's administrative remedies. *See id.* § 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005); *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).

A court may excuse a prisoner from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively rendered unavailable to him. *See Albino v. Baca*, 747 F.3d 1162, 1172-73 (9th Cir. 2014). For example, where prison officials improperly screen out inmate grievances, they can render administrative remedies effectively unavailable. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). In such a case, "the inmate cannot pursue the necessary sequence of appeals . . . ." *Id. See also McBride v. Lopez*, 807 F.3d 982, 984, 986-87 (9th Cir. 2015) ("fear of retaliation may be sufficient to render the inmate grievance procedure unavailable"); *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010) (excusing an inmate's failure to exhaust because he was precluded from exhausting his administrative remedies by a warden's mistaken instruction to him that a particular unavailable document was needed for him to pursue his inmate appeal); *Marella*, 568 F.3d 1024 (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that defendants must plead and prove. *See Jones*, 549 U.S. at 216 ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Albino*, 747 F.3d at 1168. A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(6) "[i]n the rare event" that a prisoner's failure to exhaust is clear on the face of the complaint. *Albino*, 747 F.3d at 1168 & 1169. More typically, defendants are required to move for summary judgment under Federal Rule of Civil Procedure 56 and produce probative evidence that proves a prisoner's failure to exhaust. *See id.* at 1166. Specifically, "the defendant's burden is to prove that there was an available administrative remedy, and that the prisoner did not exhaust that

1  available remedy." *Id*. at 1172.  If the defendant carries that burden, "the prisoner has the burden
2  of production.  That is, the burden shifts to the prisoner to come forward with evidence showing
3  that there is something in his particular case that made the existing and generally available
4  administrative remedies effectively unavailable to him." *Id*.  If the undisputed evidence viewed
5  in the light most favorable to the prisoner demonstrates a failure to exhaust, the court should grant
6  defendant's motion for summary judgment.  *Id*. at 1166.  On the other hand, if there are material
7  facts in dispute, the court should deny defendant's motion summary judgment.  *Id*.

## DISCUSSION

9  In this case, plaintiff's failure to exhaust is clear on the face of his complaint, and
10 therefore, the court will dismiss this action without prejudice.  *Albino*, 747 F.3d at 1168 & 1169.
11 *See also Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to
12 nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."),
13 *overruled on other grounds by Albino*, 747 F.3d at 1166 (invalidating *Wyatt's* authorization of an
14 unenumerated Rule 12(b) motion as the vehicle for defendants to assert a nonexhaustion defense).

15 On his original complaint form, filed on July 22, 2015, plaintiff acknowledges that there is
16 a grievance procedure available at his institution of incarceration and that he filed a grievance
17 concerning the facts of his complaint.  Compl. at 2.  He also acknowledges that the grievance
18 process was not complete when he filed his complaint in this action.  *Id.*

19 On August 24, 2015, plaintiff filed an amended complaint in this case stating that he had
20 pursued a grievance through the first, second, and third levels of review, and on July 20, 2015, he
21 wrote the Office of Appeals and asked for the status of his third level appeal.  Am. Compl. at 4.
22 The Office of Appeals responded to plaintiff's request and indicated that the office had received
23 his third level appeal.  *Id.*  Plaintiff contends, however, that prison officials did not inform him as
24 to why the office had not responded to his appeal within the sixty days as required under
25 California regulations.  *Id.* at 4-5.

26 On September 17, 2015, plaintiff filed a motion to amend his complaint in this action and
27 explained that the Office of Appeals had sent him a response to his third level appeal.  Pl.'s Mot.
28 to Am. at 1.  The response was dated August 6, 2015.  *Id.* at 8.

Where, as here, a prisoner exhausts a claim after asserting it in his operative complaint, his subsequent exhaustion cannot excuse his earlier failure to exhaust. *Vaden v. Summerhill*, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that."); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further these Congressional objectives; permitting exhaustion *pendente lite* will inevitably undermine attainment of them.").

A prisoner must exhaust his constitutional claims prior to asserting them in a civil rights complaint. *See Cano v. Taylor*, 739 F.3d 1214, 1221 (9th Cir. 2014) (new claims added to a lawsuit via amendment that are exhausted prior to the amendment comply with the exhaustion requirement); *Rhodes v. Robinson*, 621 F.3d 1002 (9th Cir. 2010) (new claims asserted in an amended complaint are to be considered by the court so long as administrative remedies with respect to those new claims are exhausted before the amended complaint is tendered to the court for filing).

Moreover, although plaintiff complains that prison officials did not notify him of any delay in responding to his third level appeal, plaintiff has not established that the court should excuse him from the exhaustion requirement based on these circumstances. A court may excuse a prisoner from complying with the exhaustion requirement when prison officials render administrative remedies effectively unavailable even if prison officials did not act in bad faith. *See Sapp*, 623 F.3d at 822; *Nunez*, 591 F.3d at 1224. The Ninth Circuit has cited with approval a Seventh Circuit Court of Appeals decision for the proposition that "prison officials' failure to respond to a properly filed grievance makes remedies 'unavailable' and therefore excuses a failure to exhaust." *Sapp*, 623 F.3d at 822-23 (citing *Dole v. Chandler*, 438 F.3d 804 (7th Cir. 2006)).

In this case, however, plaintiff acknowledges that administrative remedies were available to him. In addition, plaintiff did not follow-up with the Office of Appeals about his third level

appeal until July 20, 2015.  The court received plaintiff's original complaint in this action two days later, demonstrating that at the time he filed this civil rights action plaintiff had not yet taken "reasonable and appropriate steps to exhaust his claim[s]," *Nunez*, 591 F.3d at 1224, and he could not have had "a reasonable and good faith belief that administrative remedies [were] effectively unavailable" to him.  *Sapp*, 623 F.3d at 826.

If a court concludes, as it does here, that a prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice."  *Wyatt,* 315 F.3d at 1120.  Given plaintiff's acknowledgment of non-exhaustion, this action will be dismissed without prejudice.[3]

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies;

2. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is denied as unnecessary in light of the above;

3. All pending motions in this case, including plaintiff's motions for appointment of counsel and motion to amend (ECF Nos. 6, 8, 13 & 14) are denied as having been rendered moot; and

4. The Clerk is directed to close the case.

DATED:  March 30, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The court's dismissal of plaintiff's complaint without prejudice allows him to re-file this action now that he has received a response from prison officials to his third level appeal.  If plaintiff decides to re-file this action, the court advises him that he should not include this case number on his new complaint, and he must submit an updated application to proceed in forma pauperis to proceed in a new action.